**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIMINAL NO.  18-597 (ADC)(HRV) |
| [30] JOSE DE LEON-LOZADA, | |
| Defendant. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

*Introduction*

Pending before the Court is *pro se* defendant Jose De Leon-Lozada's motions for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant's compassionate release motion is based on the risks associated with the COVID-19 pandemic.  He contends that extraordinary and compelling reasons warrant that his sentence be modified to home detention.  He further argues that the requested modification is consistent with the 18 U.S.C. § 3553(a) factors.  The United States has not filed a response to the defendant's motion.

This matter has been referred to me for report and recommendation. For the reasons that follow, I recommend that the motion for compassionate release be DENIED.

*Background*

On August 26, 2019, Mr. De Leon-Lozada pleaded guilty to Count One of the Indictment, which charged him and others, with a conspiracy to possess with intent to

1

distribute controlled substances in violation of 21 U.S.C. § 841(a) and 846. (Docket Nos. 665, 670). Defendant specifically accepted responsibility for the possession with intent to distribute of at least 100 but less than 400 kilograms of marihuana. (Docket No. 665). On February 2, 2021, Mr. De Leon-Lozada was sentenced by Court to a term of imprisonment of 60 months and a supervised release term of four (4) years. (Docket Nos. 1328, 1329).

Mr. De Leon-Lozada filed his motion for compassionate release on March 15, 2022. (Docket No. 1509). On February 23, 2024, the presiding District Judge referred the motion to me for report and recommendation. (Docket No. 1587).

A search of the Bureau of Prison's ("BOP") inmate locator revealed that Mr. De Leon-Lozada is currently under the residential re-entry program, commonly known as halfway house, with an expected release date of July 23, 2024. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited March 6, 2024).

***Applicable Law and Discussion***

The so-called compassionate release statute, allows a court acting on a defendant-filed motion—as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce the term of imprisonment (and… impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . .

2

18 U.S.C. § 3582(c)(1)(A)(i). This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

To grant a compassionate release motion, the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023).

With respect to the first prong—whether the reasons advanced by the defendant are extraordinary and compelling—the determination is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021). "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree . . . . By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Moreover, the Sentencing Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id.*, § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id.* § 1B1.13(b)(4); a catch-

all provision where any other reason or combination of reasons similar in gravity to those described in (1) through (4), *id.* § 1B.13(b)(5); and the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).

Mr. De Leon-Lozada submits that he suffers from a variety of acute and chronic medical conditions such as Diabetes, hypertension, obesity, and chronic kidney disease, that place him at an increased risk for severe illness or death should he contract COVID-19. He concedes that during his custody at BOP, he was fully vaccinated and boosted, but argues that recent COVID-19 variants have the potential of "breaking through" the vaccine protection and cause infection. As stated above, he requests that his "custodial sentence be modified to one of home confinement of whatever duration and under such conditions as the Court may deem in its judgment to be appropriate." (Docket No. 1509 at 4.)

After careful consideration, I find that the grounds advanced by the defendant do not rise to the level of extraordinary and compelling reasons justifying a reduction of his sentence. First, even the records submitted by the defendant show that his medical conditions were well-managed by the BOP. (Docket No. 1509-1 at 5-13). Second, COVID-19 is a much-reduced threat to him since he has been vaccinated and boosted. (Docket No. 1509-1 at 14). Moreover, "[w]hile COVID-19 is still a threat, the conditions that exist today are nothing like the extreme measures that were necessary at the beginning of the pandemic." *United States v. Fabian*, Cr. No. 21-00054-MSM-LDA, 2023 WL 8449453, 2023 U.S. Dist. LEXIS 216856, at *5 (D.R.I. Dec. 6, 2023); *see also United States v. Doe*, Cr. No. 18-10360-MLW, 2023 U.S. Dist. LEXIS 105316, at*2-3 (D. Mass. June 16, 2023)("The COVID-19 pandemic was extraordinary. However, it no longer constitutes

4

the emergency that it once did.")   Lastly, since the defendant's custody status has changed from a prison setting to a residential re-entry center, his arguments regarding the health risks associated with the COVID-19 pandemic diminish in force.  Simply put, "the defendant's situation [does not] constitute[] the type of 'extreme hardship' that the compassionate-release statute is designed to ameliorate." *United States v. Saccoccia*, 10 F.4th at 4.

### *Conclusion*

In view of the above, I recommend that the motion for compassionate release at Docket No. 1509 be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 6th day of March, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE